## MEARNS v. HARRIS.

AFFIDAVITS; PARTNERSHIP.

1. The language of an affidavit will be construed against the affiant. If he used doubtful or ambiguous expressions, it will be assumed he did so because he did not dare to use stronger ones. '

2. In an action by the depositor of a banking firm to recover the balance
   due her from one of the members of the firm, it was *held* that an
   affidavit of defense was insufficient which stated that the defendant
   had retired from the firm before the date of the balance; that his
   former partners had assumed the liabilities of the old firm, that
   notice by newspaper advertisements and otherwise had been given
   of his retirement; that he believed one or more of such advertise-
   ments were read by the plaintiff, after which she continued to do
   business with the successor firm, and, on information and belief,
   that he expected to prove that the plaintiff had notice of and
   acquiesced in his said retirement and in the assumption of the
   business and liabilities of the old firm by its successor, and after
   such notice continued to do business with the successor firm and
   make deposits with it, and accepted its liability in the place of
   that of the old firm, and thereby released the affiant from his
   obligations to her.

No. 2949.    Submitted October 13, 1916.    Decided January 2, 1917.

HEARING on an appeal by the defendant from a judgment of
the Supreme Court of the District of Columbia entered for
want of a sufficient affidavit of defense in an action by a de-
positor of a banking firm against one of the partners to recover
the balance due her.                                  *Affirmed.*

The COURT in the opinion stated the facts as follows:

Lewis Johnson & Company was a partnership engaged in the
banking business in this District. The plaintiff, Julia Wheeler
Harris, was one of its depositors. The defendant, William A.
Mearns, was a member of the firm when the plaintiff opened
her account, and is here sued for the account balance due the
plaintiff upon the theory that he is still liable, as a partner,
therefor. The defendant filed the general issue and two special
pleas, supported by an affidavit of defense. The plaintiff had
judgment, upon her motion therefor, under the 73d rule, the
affidavit being held insufficient. Whether the court erred in
such action is the question here.

In his affidavit the defendant admits that he had been a mem-
ber of the firm, but denies that he was such on October 9, 1914,

the date of said balance, and says that he had retired "on or about the 13th day of May, 1914," and had had no connection with the firm since; that the successor in said business, continuing under the same firm name, had assumed all liabilities; that such successor was to give notice of the defendant's retirement "to each individual customer of the firm;" that from about the time of retirement his name was omitted from the stationery used by his successors, although previously it had appeared on the letterheads of the firm; that his retirement was immediately announced on the stock exchanges of Washington and New York, and on or about May 14, 1914, and later, notice of his retirement was published in at least three of the newspapers of Washington of general circulation in this District, and in certain New York newspapers, "one or more of which affiant believes were read by the plaintiff;" that his retirement became generally known to the public, together with the fact that the business of the firm, its deposits and liabilities, had been taken over and assumed by its successor, "and after such notice the plaintiff continued to do business with said successor." He then proceeds as follows: "And, on information and belief, affiant says and expects to prove that the plaintiff had notice of and acquiesced in his said retirement, and of the assumption of the business and liabilities of said firm by its successor, and after such notice and knowledge continued to do business with its successor and make deposits with its successor and accepted the liability of its successor in place of the liability of said firm and its retiring member upon any claims of the plaintiff against said firm and did thereby release the affiant from any and all obligation which said firm may have been under to the plaintiff."

*Mr. Walter C. Clephane* and *Mr. Alan O. Clephane* for the appellant.

*Mr. Fulton Lewis* for the appellee.

Mr. Justice Stafford, of the Supreme Court of the District of Columbia, who sat with the Court in the hearing and determination of the appeal in the place of Mr. Chief Justice Shepard, delivered the opinion of the Court:

It is upon the effect of the paragraph last quoted, in connection, of course, with what has been recited as leading up to it, that the decision of the question must depend. If the statement is to be understood as meaning that the plaintiff received actual notice of the defendant's retirement before the date of some of her charges against him, the affidavit is sufficient to entitle the defendant to a trial. If, however, the statement means only that the defendant claims that the matters of fact previously set forth in the affidavit amount in law to notice, the statement is only a conclusion of law and adds nothing to the matters of fact previously set forth.

We are inclined to construe the language as it was construed by the court below, and to hold the affidavit insufficient. The rule is fundamental, *Verba fortius accipiuntur contra proferentem,* language is to be construed against the composer. He has his choice of words. If he chooses to employ doubtful or ambiguous expressions when unmistakable language was ready to hand, it is fair to assume that he did so because he did not quite dare to use the stronger expressions. His interest prompted him to use the strongest expressions the truth would warrant, and it must be assumed that he has done so. How easy it would have been for him to have stated that the defendant expected to prove that the plaintiff saw and read the published notice, or that she actually knew of his retirement. Instead of doing this the affiant sets forth with great particularity the facts which he does expect to prove, the publication in the papers and that he believes the plaintiff read one or more of the papers, but not that she read the notice. He does not even say that he expects to *prove* that she read the newspapers, but only that he believes she did. After this careful and cautious statement of what he expected to prove as matters of fact, the general language, that he expects to prove that the plaintiff "had

notice of and acquiesced in said retirement," and "after *such* notice and knowledge continued," etc., must be taken merely as summing up his inferences from the various special facts before stated.

It is admitted that unless the plaintiff had actual notice of the defendant's retirement, the defendant is liable for the balance claimed, for the plaintiff was a regular customer of the firm, and the general notice by publication, which would have been sufficient in the case of those not already customers, was not sufficient as against her. In the absence of actual notice, she had a right to treat the account exactly as though no dissolution had occurred and to recover against the defendant the balance.

Judgment affirmed with costs of this appeal.